UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO:

MIRNA LIMA, and LOIDA LIMA

    Plaintiff(s),

vs.

ALMANI'S KOSHER CATERING & BAKERY, INC.
a Florida Profit Corporation
and SARAH ALMANI, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, MIRNA LIMA and LOIDA LIMA, by and through the undersigned counsel, hereby sue Defendants, ALMANI'S KOSHER CATERING & BAKERY, INC. and SARAH ALMANI (collectively, "Defendants"), and in support thereof avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by Plaintiffs for damages exceeding $15,000, excluding attorneys' fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiffs were at all times relevant to this action, residents of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the FLSA.

4. Defendant, ALMANI'S KOSHER CATERING & BAKERY, INC., is a Florida Profit Corporation, authorized to conduct business in Broward County, Florida, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, SARAH ALMANI, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, ALMANI'S KOSHER CATERING & BAKERY, INC.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Both Plaintiffs performed work for Defendants as a non-exempt employee from September 2010 through on or about February 28, 2016.

9. Throughout Plaintiffs' employment, Plaintiffs worked approximately (56) hours per week in a given workweek.

10. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiffs, including those hours worked by Plaintiffs in excess of forty (40) in a given work week.

11. Plaintiffs were not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States.

## COUNT I
*Breach of Agreement Against ALMANI'S KOSHER CATERING & BAKERY, INC.*

12. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

13. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiffs for all services provided and performed under the agreement.

14. Plaintiffs suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiffs seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against ALMANI'S KOSHER CATERING & BAKERY, INC.*

15. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

16. Plaintiffs have conferred a benefit onto Defendant by performing and providing services for Defendant.

17. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiffs.

18. Defendant accepted Plaintiffs' services to Defendant.

19. Defendant retained an inequitable benefit from Plaintiffs by not properly paying Plaintiffs for all services provided and performed under the agreement.

20. Plaintiffs seek damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiffs seek a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against ALMANI'S KOSHER CATERING & BAKERY, INC.*

21. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

22. Plaintiffs have conferred a benefit upon Defendant for services performed and provided to Defendant.

23. Defendant has knowledge of the services performed and provided by Plaintiffs.

24. Defendant voluntarily accepted the services performed and provided by Plaintiffs.

25. Defendant unjustly benefits from the services performed and provided by Plaintiffs by not properly paying Plaintiffs for all services provided and performed under the agreement.

26. To the extent no adequate legal remedy exists, Plaintiffs seek damages for the value of the work performed for Defendant.

WHEREFORE, Plaintiffs seek a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## **COUNT IV**
*Wage & Hour Federal Statutory Violation against ALMANI'S KOSHER CATERING & BAKERY, INC.*

27. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

28. This action is brought by Plaintiffs to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

29. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

30. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

31. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

32. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. Plaintiffs' work for the Defendant likewise affects interstate commerce.

33. Plaintiffs seek to recover for unpaid wages accumulated from their dates of hire and/or from three (3) years from the date of the filing of this complaint.

34. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these unpaid wages since the commencement of the Plaintiffs' employment with Defendant as set forth above. As such, Plaintiffs are entitled to recover double damages.

35. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiffs' FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit*

*Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
*Wage & Hour Federal Statutory Violation Against SARAH ALMANI*

36. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

37. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, ALMANI'S KOSHER CATERING & BAKERY, INC.

38. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

39. Defendant had operational control of the business and is thus jointly liable for Plaintiffs' damages.

40. Defendant willfully and intentionally refused to properly pay Plaintiffs wages as required by the law of the United States as set forth above and remains owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime wage compensation, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
*FLSA Retaliation Violation Against ALMANI'S KOSHER CATERING & BAKERY, INC.*

41. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

42. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

   Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

43.  Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

44.  The motivating factor that caused Plaintiffs' adverse employment action as described above were Plaintiffs' complaints regarding not being properly paid for all hours worked.

45.  The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

 A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

 B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

 C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

 D. Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

 E. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

 F. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

Dated: May 10, 2016

                                          Respectfully submitted,

                                          **/s/ Peter M. Hoogerwoerd**
                                          **Peter M Hoogerwoerd, Esq.**
                                          Florida Bar No.: 0188239
                                          PMH@rgpattorneys.com
                                          **Waynice A. Green, Esq.**
                                            Florida Bar No.: 0116175
                                          WGreen@rgpattorneys.com

                                          **REMER & GEORGES-PIERRE, PLLC**
                                          44 West Flagler Street, Suite 2200
                                          Miami, FL 33130
                                          Telephone: (305) 416-5000
                                          Facsimile: (305) 416-5005